IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| **TERESA SCARPULA,** | ] |
| Plaintiff, | ] |
| v. | ] CV-05-BE-1324-W |
| **BAYER CORPORATION** | ] |
| **DISABILITY PLAN, et al.,** | ] |
| Defendants. | ] |

**MEMORANDUM OPINION**

This case came before the court on Plaintiff's "Motion for Relief as to ERISA Benefit 'Offset' Pursuant to Rule 60(d)" (doc. 62). The parties fully briefed the issues in connection with the motion, and the court has reviewed the filings and applicable law. For the reasons that follow, the court DENIES Plaintiff's motion for relief pursuant to Rule 60(d).

**I. BACKGROUND**

On June 17, 2005, Plaintiff Teresa Scarpula originally brought suit seeking "payment of disability benefits under the short term and long term disability plans pursuant to ERISA § 502" (doc. 1). This court found that the "Defendant's denial of Plaintiff's request for LTD benefits was arbitrary and capricious," and that the Plaintiff was "entitled to LTD benefits for the initial six-month disability period" (doc. 43). This court also determined that "[b]ased upon its reading of the amended complaint and Plaintiff's statements, the court conclude[d] that Plaintiff's amended complaint stated a single cause of action for the Plan's denial of '*own occupation*' LTD benefits" (doc. 57 (emphasis

1

added)). Therefore, this court did not make a determination as to the Plaintiff's "total disability." *Id*.

The court entered its final judgment in the matter on May 2, 2008, in favor of the Plaintiff. The final order awarded Plaintiff $20,411.67 in past due benefits plus $6,123.50 in prejudgment interest. The court also awarded Plaintiff's counsel $54,498 in attorney's fees and expenses of $250 (doc. 60). On June 20, 2008, Plaintiff filed an order with this court "giv[ing] notice that Defendant Bayer Corporation Disability Plan ha[d] satisfied in full the judgment in this action, including all interest, costs and attorneys' fees" (doc. 61).

After the litigation in this matter ended in 2008, Plaintiff applied for "any occupation" disability benefits, and the Defendant approved those benefits, but withheld an offset of $115,000 from Alabama Workers Compensation Act settlement funds and applied this offset as income. On July 24, 2008, Plaintiff appealed the Workers Compensation offset, but the Defendant's ERISA Review Committee denied the appeal on January 30, 2009. Plaintiff requested documents to support the Committee's decision to deny the Plaintiff's appeal, but Defendant's Senior Counsel, William Hassan, denied the request in a letter dated March 3, 2009 (doc. 65).

Plaintiff filed her Rule 60(d) motion on February 11, 2010. Plaintiff argues that this court retains jurisdiction over this issue because the issue arises out of the same acts as set forth in the original complaint and the court remanded the case for an ERISA administrative appeal. The Defendants assert that Plaintiff's motion was untimely and does plead a ground for relief under Rule 60(d).

## VI. DISCUSSION

The court first examines whether this court has continuing jurisdiction over Plaintiff's allegations regarding her "any occupation" benefits, specifically the Workers Compensation offset.

The Plaintiff's Rule 60(d) motion requests that this court re-open the previous litigation and provide relief as to the ERISA benefit "offset." Federal Rule of Civil Procedure 60(d)

> does not limit a court's power to: (1) entertain an independent action to relieve a party from a judgment, order, or proceeding; (2) grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action; or (3) set aside a judgment for fraud on the court.

FED. R. CIV. P. 60(d). The Plaintiff in this case filed her motion under Rule 60(d), and the section of Rule 60 under which the Plaintiff filed is noteworthy. Much precedent exists for Rule 60(b) motions, but the same is simply not true for Rule 60(d) motions.

In examining Federal Rule of Civil Procedure 60(b), the United States Court of Appeals for the Eleventh Circuit has determined that "Rule 60(b) cannot be used . . . to bootstrap the district court into jurisdiction it would not otherwise have." *Woodrum v. S. Ry. Co.*, 750 F.2d 876, 883 (11th Cir. 1985). The plaintiff-appellant in *Woodrum* moved for his case to be reopened because of fraud on the court; one of the specific issues in this case was whether the district court had jurisdiction to entertain such an independent action. The Eleventh Circuit held that although one of the parties in *Woodrum* "argue[d] that jurisdiction can be found in the court's diversity of citizenship or federal question jurisdiction," the Court concluded that this argument lacked merit because of "careful circumscriptions written by Congress respecting the specific subject matter that the [district] court must deal with." *Id*. The Eleventh Circuit was hesitant to re-open a case that had already been closed, and rightfully so. Though the *Woodrum* Court examined jurisdiction with respect to Rule 60(b), this court finds that the same analysis applies to Rule 60(d) motions.

This court concludes that jurisdiction is not proper in this matter; even if jurisdiction were proper, however, Plaintiff's motion would fail because she did not satisfy the requirements set forth

in Rule 60(d).

In discussing Rule 60(b) motions, the Supreme Court of the United States has held that "an independent action should be available only to prevent a grave miscarriage of justice." *U.S. v. Beggerly*, 524 U.S. 38, 47 (1998). According to the *Beggerly* Court, a "rigid adherence to the doctrine of res judicata" must exist; without a "grave miscarriage of justice," the district court must "allow the judgment to stand." *Beggerly*, 524 U.S. at 46-47 (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 244 (1944)). The Supreme Court has not discussed Rule 60(d) motions as extensively as Rule 60(b) motions. The absence of such discussion probably results from the clarity of Rule 60(d), thus requiring less judicial interpretation.

The litigation ended in the present case over two years ago, and this court only decided the benefits to which the Plaintiff was entitled under her employer's "own occupation" LTD Plan (doc. 57). The court did not decide the issue of "any occupation" LTD benefits. Furthermore, based on the forthcoming discussion, the Plaintiff has not met any category enumerated in Rule 60(d) to warrant re-opening the case. Rule 60(d) allows the re-opening of a case for an independent action to relieve a party from a judgment, order, or proceeding; lack of personal notification; or fraud on the court. FED. R. CIV. P. 60(d).

Rule 60(d)(1) provides that a district court may "entertain an independent action to relieve a party from a judgment, order, or proceeding." FED. R. CIV. P. 60(d)(1). In the present matter, neither party presented evidence or argument in their briefs that justifies relief, particularly for the Plaintiff in this matter. In fact, the Plaintiff filed a notice with this court on June 20, 2008, stating that the Defendants satisfied the judgment in this matter. *See* doc. 61. The court realizes that the Plaintiff is not seeking relief from the previous judgment, but instead only moving to re-open the case to litigate

4

the issue regarding "any occupation" benefits. However, seeking to re-open this case regarding the Plaintiff's "any occupation" benefits is inappropriate because the court did not initially decide this issue. Rule 60(d)(1) may allow a separate independent action for relief if not otherwise time-barred; however, the court denies re-opening this case for review of an issue not previously before it.

Rule 60(d)(2) also provides that a district court may "grant relief under 28 U.S.C. § 1655 to a defendant who was not personally notified of the action." FED. R. CIV. P. 60(d)(2). In this case, no defendant alleges the absence of personal notification. Therefore, grounds for granting the Plaintiff's Rule 60(d) motion are unfounded in subsection two of Rule 60(d).

Finally, Rule 60(d) allows this court to "set aside a judgment for fraud on the court." FED. R. CIV. P. 60(d)(3). Again, no evidence exists, nor has either party presented evidence, regarding fraud on the court. Therefore, a Rule 60(d) motion under subsection three shall fail.

Because the Plaintiff has failed to satisfy any one of the three subsections of Rule 60(d), the Plaintiff's Rule 60(d) motion must fail. Rule 60(d) does not specify a time limit for filing a Rule 60(d) motion. The Defendant in this matter erroneously asserts that the Plaintiff's motion is untimely as having been filed more than one year after the entry of judgment because "[t]he one-year limitation does not apply to actions commenced pursuant to Rule 60(d)." *LinkCo, Inc. v. Akikusa*, 615 F. Supp. 2d 130, 134 (S.D.N.Y. 2009); *see also Day v. Benton*, 346 Fed. App'x. 476, 479 (11th Cir. 2009) (unpublished). The court doubts, however, that the filing of a Rule 60(d) motion almost one year after the final denial of benefits by Defendant Bayer was within a reasonable amount of time.

The Supreme Court advocates a "rigid adherence to the doctrine of res judicata." *Beggerly*, 524 U.S. at 46. Therefore, without the demonstration of a "'grave miscarriage of justice,'" the district court should "allow the judgment to stand." *Id*. In the present matter, a Rule 60(d) motion may be

granted for the "grave miscarriage of justice." However, the granting of the Plaintiff's Rule 60(d) motion is inappropriate because neither party has presented evidence or argument that demonstrates a "grave miscarriage of justice" in this case.

The litigation between Plaintiff and Defendant regarding the Plaintiff's "own occupation" LTD benefits ended in 2008. *See* doc. 57. This court entered a final judgment, and Plaintiff filed notice that the judgment was satisfied. *See* docs. 60 & 61. Litigation concerning the Plaintiff's "any occupation" benefits is an independent action, which requires a separate lawsuit and does not warrant the granting of a Rule 60(d) motion to reopen this case.

## VII. CONCLUSION

For the reasons stated above, the court concludes that the Plaintiff's Rule 60(d) motion is due to be DENIED. The court will enter a separate order to that effect simultaneously.

DONE and ORDERED this 2nd day of August 2010.

_____
KARON OWEN BOWDRE
UNITED STATES DISTRICT JUDGE